| Case No. | **EDCV 19-474-R-KK** | Date: | March 22, 2019 |
|---|---|---|---|

| Title: | ***Bruce Lee Gipson v. West Valley Detention Center*** |
|---|---|

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order To Show Cause Why This Action Should Not Be Dismissed For Failure To Exhaust, Failure To Name Proper Respondent, And Failure To Comply With Rule 8 And Habeas Rule 2(c)

## I.
## INTRODUCTION

On February 12, 2019, Petitioner Bruce Lee Gipson ("Gipson" or "Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254 ("Section 2254"). Gipson challenges his 2019 probation violation for which he was sentenced to an additional 120 days in custody. ECF Docket No. ("Dkt.") 1. It appears, however, the Petition is subject to dismissal because: (1) Gipson has not exhausted his state remedies with respect to the grounds raised in the Petition; (2) the Petition fails to name a proper respondent; and (3) the Petition fails to comply with Federal Rule of Civil Procedure 8 ("Rule 8") and Rule 2(c) of the Rules Governing Habeas Corpus Cases Under Section 2254 ("Habeas Rule 2(c)"). The Court will provide Gipson an opportunity to address these issues before making a final determination regarding whether the Petition should be dismissed.

///
///
///
///
///
///
///
///

# II.
# BACKGROUND

On January 10, 2019, though not entirely clear, it appears Gipson was found to have violated his probation in state court because his "ankle monitor died" and he "ha[d] dangerous contraband".[1] Dkt. 1 at 2. As a result, the state court imposed an additional 120-day sentence. See id.

On February 12, 2019, Gipson constructively filed the instant Petition. Dkt. 1. Gipson alleges he was incorrectly found to have violated his probation because the "dangerous contraband" he possessed "was found inside [a] wheel chair which was given to [him]" by West Valley Detention Center. Id. at 2-3. Gipson contends that someone "plant[ed]" the "dangerous contraband" in the wheel chair. Id. at 3.

In his Petition, Gipson acknowledges he has not appealed his case to the California Court of Appeal or California Supreme Court. Dkt. 1 at 5.

# III.
# DISCUSSION

## A.  THE PETITION IS WHOLLY UNEXHUASTED

A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); Cavanagh v. Dir., Ventura Cty. Probation, No. CV 12-6712-R (RNB), 2012 WL 4792863, at *4 (C.D. Cal. Oct. 9, 2012) (applying state exhaustion requirements to a petitioner's claims regarding his probation violation). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his or her federal claims in state courts to give the state the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process to properly exhaust a claim. O'Sullivan, 526 U.S. at 845.

For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court. See O'Sullivan, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882,888 (9th Cir. 1999) (applying O'Sullivan to California). A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim." Gatlin, 189 F.3d at 888.

Here, Gipson concedes he never raised his claims in the California Court of Appeal or California Supreme Court. Dkt. 1 at 5. Accordingly, Gipson's claims have not been ruled on by the California Supreme Court. Thus, the Petition is a wholly unexhausted petition subject to dismissal.

---

[1]  Gipson does not specify what his underlying conviction was or the sentence he was serving before the probation violation. See dkt. 1.

## B. THE PETITION FAILS TO NAME A PROPER RESPONDENT

"[T]he proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" Rumsfeld v. Padilla, 542 U.S. 426, 434, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004) (second alteration in original). Thus, "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held." Id. at 435; see Stanley v. Cal. Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (as amended May 18, 1994) (holding the proper respondent in a habeas action is "typically . . . the warden of the facility in which the petitioner is incarcerated"); Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam). The Ninth Circuit has held that the "[f]ailure to name the correct respondent destroys personal jurisdiction." Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (as amended May 8, 1996).

Here, the Petition names West Valley Detention Center as Respondent. See dkt. 1. However, West Valley Detention Center is not a proper respondent in a habeas petition. See Gary v. Stanislaus Cty. Jail, No. 1:10CV01223-SKO-HC, 2010 WL 3516091, at *1 (E.D. Cal. Sept. 8, 2010) (finding petitioner failed to name a proper respondent for his habeas petition where petitioner named his place of incarceration as the respondent). Accordingly, the Petition is subject to dismissal for failure to name a proper respondent.

## C. THE PETITION FAILS TO COMPLY WITH RULE 8 AND HABEAS RULE 2(c)

Under Federal Rule of Civil Procedure 8 ("Rule 8"), a petition must contain a "short and plain statement of the claim showing the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d); see Petillo v. Los Angeles Dept. of Children & Family Services, No. CV 17-08062-JFW (AS), 2018 WL 748290, at *1 (C.D. Cal. Feb. 7, 2018) (applying Rule 8 standards to a habeas petition). "[T]he 'short and plain statement' must provide the [respondent] with 'fair notice of what the [petitioner's] claim is and the grounds upon which it rests.'" Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005). "Experience teaches that, unless cases are pled clearly and precisely, . . . the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." Bautista v. L.A. Cty., 216 F.3d 837, 841 (9th Cir. 2000). A court cannot grant relief based on conclusory allegations unsupported by specific facts. James v. Borg, 24 F.3d 20, 26 (9th Cir. 1996).

Habeas Rule 2(c) "requires a more detailed statement [than Rule 8]. The habeas rule instructs the petitioner to 'specify all the grounds for relief available to [him]' and to 'state the facts supporting each ground.'" Mayle v. Felix, 545 U.S. 644, 649, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005); see Rules Governing Section 2254 Cases in the United States District Courts. Consequently, in a habeas petition, "notice pleading is not sufficient," and a petitioner must "state facts that point to a real possibility of constitutional error." Id. at 655 (quoting Habeas Rule 4's 1976 Advisory Committee Notes); McFarland v. Scott, 512 U.S. 849, 856, 114 S. Ct. 2568, 129 L. Ed. 2d 666 (1994) (holding, under Habeas Rule 2(c), "petitions must meet heightened pleading requirements").

Here, the Petition fails to comply with Rule 8 and Habeas Rule 2(c). See Mayle, 545 U.S. at 649. Specifically, it is unclear from the Petition
  (1) what Gipson's underlying conviction was or the sentence he was serving before the probation violation;

(2) what Gipson was alleged to have done that resulted in his probation violation;
(3) what constitutional error was committed during Gipson's probation violation proceedings; and,
(4) what supporting facts Gipson alleges to entitle him to habeas relief.

Accordingly, the Petition is subject to dismissal for violating Rule 8 and Habeas Rule 2(c).

## IV.
## ORDER

For the foregoing reasons, the Petition appears subject to dismissal. Petitioner is therefore **ORDERED TO SHOW CAUSE in writing no later than April 11, 2019** why the Petition should not be dismissed for (1) failure to exhaust state remedies, (2) failure to name a proper respondent, and (3) failure to comply with Rule 8 and Habeas Rule 2(c). Petitioner must respond to this Order (a) pursuant to one or more of the options listed below; **and** (b) by filing a request to amend the Petition to name Petitioner's "immediate custodian" as the respondent and addressing the Petition's failure to comply with Rule 8 and Habeas Rule 2(c) as described above.

Petitioner may choose from the following options to explain why the Petition should not be dismissed for failure to exhaust state remedies:

**Option 1 - Petitioner May Explain The Petition Is Exhausted:** If Petitioner contends he has, in fact, exhausted his state court remedies on the grounds raised in his Petition, he should clearly explain this in a written response to this Order to Show Cause. Petitioner should attach to his response copies of any documents establishing that his claims are indeed exhausted.

**Option 2 - Petitioner May Request A Rhines Stay:** Under Rhines v. Weber, 544 U.S. 269, 161 L. Ed. 2d 440, 161 L. Ed. 2d 440 (2005), a district court has discretion to stay a petition to allow a petitioner time to present his unexhausted claims to state courts. Id. at 276; Mena v. Long, No. 14-55102, (9th Cir. Feb. 17, 2016) (holding the Rhines stay-and-abeyance procedure applies to both mixed and fully unexhausted habeas petitions). This stay and abeyance procedure is called a "Rhines stay" and is available only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. Rhines, 544 U.S. at 277-78.

Petitioner may file a motion for a Rhines stay and support his request by showing: (1) there is "good cause" for the failure to exhaust; (2) the grounds raised are not "plainly meritless"; and (3) Petitioner did not intentionally engage in dilatory litigation tactics. See id. Petitioner should include any evidence supporting his request for a Rhines stay.

**Caution:** Petitioner is cautioned that if he requests a stay and the Court denies the request for a stay, or if Petitioner contends that he has in fact exhausted his state court remedies on all grounds and the Court disagrees, the Court will dismiss the Petition for failure to exhaust state remedies. **Accordingly, Petitioner may select options in the alternative.**

ALTERNATIVELY, **Petitioner May Voluntarily Dismiss the Action Without Prejudice**: Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of the Court has attached a Notice of Dismissal form for Petitioner's convenience.** However, the Court

warns Petitioner that if Petitioner should later attempt to again raise any dismissed claims in a subsequent habeas petition, those claims may be time-barred under the statute of limitations in Section 2244(d)(1). 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

**The Court warns Petitioner failure to timely file a response to this Order will result in the Court dismissing this action without prejudice for failure to exhaust, failure to name a proper respondent, failure to comply with Rule 8 and Habeas Rule 2(c), and failure to prosecute and comply with court orders. See Fed. R. Civ. P. 41(b).**

**The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.**

**IT IS SO ORDERED.**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|                                      | CASE NUMBER                                                                                  |
|--------------------------------------|----------------------------------------------------------------------------------------------|
| Plaintiff(s),<br><br>v.<br><br>Defendant(s). | **NOTICE OF DISMISSAL PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 41(a) or (c)** |

PLEASE TAKE NOTICE: (*Check one*)

☐ This action is dismissed by the Plaintiff(s) in its entirety.

☐ The Counterclaim brought by Claimant(s) _____ is dismissed by Claimant(s) in its entirety.

☐ The Cross-Claim brought by Claimants(s) _____ is dismissed by the Claimant(s) in its entirety.

☐ The Third-party Claim brought by Claimant(s) _____ is dismissed by the Claimant(s) in its entirety.

☐ **ONLY** Defendant(s) _____

is/are dismissed from (*check one*) ☐ Complaint, ☐ Counterclaim, ☐ Cross-claim, ☐ Third-Party Claim brought by _____.

The dismissal is made pursuant to F.R.Civ.P. 41(a) or (c).

_____          _____
*Date*                          *Signature of Attorney/Party*

*NOTE: F.R.Civ.P. 41(a): This notice may be filed at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.*

*F.R.Civ.P. 41(c): Counterclaims, cross-claims & third-party claims may be dismissed before service of a responsive pleading or prior to the beginning of trial.*