UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 19-474-R-KK** | Date: | July 2, 2019 |

Title: *Bruce Lee Gipson v. West Valley Detention Center*

---

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order To Show Cause Why This Action Should Not Be Dismissed For Failure To Exhaust, Failure To Name Proper Respondent, and Mootness

## I.
## INTRODUCTION

On March 26, 2019, Petitioner Bruce Lee Gipson ("Gipson" or "Petitioner") constructively filed an amended Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Section 2254") ("Amended Petition"). ECF Docket No. ("Dkt.") 9. The Amended Petition challenges a disciplinary action that resulted in 120 days of lost good and work time. Id. However, the Amended Petition is subject to dismissal because: (1) Gipson has not exhausted his state remedies with respect to the grounds raised in the Amended Petition; (2) the Amended Petition fails to name a proper respondent; and (3) the Amended Petition appears to be moot in light of Gipson's apparent release from prison. The Court will provide Gipson an opportunity to address these issues before making a final determination regarding whether the Amended Petition should be dismissed.

///
///
///
///
///
///
///
///

# II.
# BACKGROUND

On January 10, 2019, Gipson was involved in an incident in his cell at the West Valley Detention Center where "dangerous contraband" was allegedly planted in Gipson's wheelchair. Dkt. 9 at 5. Because he was found to have been in possession of the contraband, Gipson was subject to a "discipline" action that revoked 120 days of his "good and work time". Id. at 2. Gipson appears to allege the procedures resulting in his loss of good and work time were unconstitutional. See id.

On February 12, 2019, Gipson constructively filed the original Petition for Writ of Habeas Corpus by a Person in State Custody ("First Petition"). Dkt. 1. The First Petition was construed as challenging a 2019 probation violation for which Gipson was sentenced to an additional 120 days in custody. Id. Gipson alleged he was incorrectly found to have possessed "dangerous contraband." Id. at 2-3. Gipson contended that someone "plant[ed]" the "dangerous contraband" in the wheelchair. Id. at 3. Gipson acknowledged he did not appeal his case to the California Court of Appeal or California Supreme Court. Id. at 5.

On March 22, 2019, the Court issued an Order To Show Cause as to why Petitioner's First Petition should not be dismissed for (1) failure to exhaust state remedies with respect to the grounds raised; (2) failure to name a proper respondent; and (3) failure to comply with Federal Rule of Civil Procedure 8 and Rule 2(c) of the Rules Governing Habeas Corpus Cases Under Section 2254. Dkt. 3. The Court found the First Petition was subject to dismissal and instructed Petitioner to amend his petition to correct the deficiencies, and (1) explain the First Petition had been exhausted, (2) request a Rhines stay; or (3) voluntarily dismiss the action without prejudice. Id. at 3-4.

On March 26, 2019, Petitioner constructively filed the instant Amended Petition. Dkt. 9. Based on the Amended Petition, it appears Gipson seeks to challenge a disciplinary action involving the finding that he possessed dangerous contraband, rather than a probation violation. Id. In the Amended Petition, Gipson attaches further supporting documentation showing he filed grievances, corresponded with the San Bernardino County Sheriff's Department, and received review of some grievances. Id. at 5-10. Gipson again acknowledges he has not presented his claim to the California Court of Appeal or California Supreme Court. Id. at 4.

On May 2, 2019, the Court filed a Report and Recommendation, recommending the First Petition be dismissed for the reasons stated in the March 22, 2019 Order. Dkt. 6.

On June 3, 2019, Gipson notified the Court that his address had changed to 60805 29 Palms Hwy, Joshua Tree, CA 92252.[1] Dkt. 8.
///
///
///
///
///
///

---

[1] This address does not appear to be another prison facility, but may be a treatment center.

# III.
# DISCUSSION

## A.     THE AMENDED PETITION IS WHOLLY UNEXHUASTED

A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); Cavanagh v. Dir., Ventura Cty. Probation, No. CV 12-6712-R (RNB), 2012 WL 4792863, at *4 (C.D. Cal. Oct. 9, 2012) (applying state exhaustion requirements to a petitioner's claims regarding his probation violation). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his or her federal claims in state courts to give the state the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process to properly exhaust a claim. O'Sullivan, 526 U.S. at 845.

For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court. See O'Sullivan, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882,888 (9th Cir. 1999) (applying O'Sullivan to California). A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim." Gatlin, 189 F.3d at 888.

Here, Gipson again concedes he never raised his claims in the California Court of Appeal or California Supreme Court. Dkt. 9. Accordingly, Gipson's claims have not been ruled on by the California Supreme Court. Thus, the Amended Petition is a wholly unexhausted petition subject to dismissal.

## B.     THE AMENDED PETITION FAILS TO NAME A PROPER RESPONDENT

"[T]he proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" Rumsfeld v. Padilla, 542 U.S. 426, 434, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004) (second alteration in original). Thus, "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held." Id. at 435; see Stanley v. Cal. Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (as amended May 18, 1994) (holding the proper respondent in a habeas action is "typically . . . the warden of the facility in which the petitioner is incarcerated"); Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam). The Ninth Circuit has held that the "[f]ailure to name the correct respondent destroys personal jurisdiction." Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (as amended May 8, 1996).

Here, Gipson again names West Valley Detention Center as Respondent. See dkt. 9. However, West Valley Detention Center is not a proper respondent in a habeas petition. See Gary v. Stanislaus Cty. Jail, No. 1:10CV01223-SKO-HC, 2010 WL 3516091, at *1 (E.D. Cal. Sept. 8, 2010) (finding petitioner failed to name a proper respondent for his habeas petition where petitioner named his place of incarceration as the respondent). Accordingly, the Amended Petition is subject to dismissal for failure to name a proper respondent.

## C. THE AMENDED PETITION APPEARS TO BE MOOT

A habeas petition not challenging an underlying conviction may become moot when the petitioner is released from custody. While "a prisoner who has completed his sentence can challenge his *conviction* in habeas corpus," a prisoner's challenge to incarceration imposed for other reasons such as loss of good time is moot when that prisoner is released. Nonnette v. Small, 316 F.3d 872, 875-76 (9th Cir. 2002) (finding that if a released prisoner's "petition for habeas corpus would have to be dismissed as moot" because "establishing the invalidity of his disciplinary proceeding could have no effect on the 360 days of additional incarceration… that resulted from it") (citing Spencer v. Kemna, 523 U.S. 1, 118 S. Ct. 978, 983, 140 L. Ed. 2d 43 (1998) (emphasis added)). This is because "[o]nce the convict's sentence has expired… some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." Spencer, 523 U.S. at 8 (internal citations omitted).

Here, based on Gipson's new address provided to the Court, see dkt. 8, and Gipson's anticipated release date of "February 25, 2019" plus 120 days of lost good time (i.e., approximately June 25, 2019), it appears Gipson may have been released from the West Valley Detention Center.[2] Dkt. 9 at 2. Additionally, Gipson does not appear to challenge his underlying criminal conviction. Id. Hence, because Gipson is challenging the constitutionality of proceedings that resulted in revocation of good time credits, and has apparently finished serving this time, his Amended Petition appears to have "become moot". See Spencer, 523 U.S. at 6, 8; Nonnette, 316 F.3d at 875–76.

## IV.
## ORDER

For the foregoing reasons, the Amended Petition appears subject to dismissal. Petitioner is therefore **ORDERED TO SHOW CAUSE in writing no later than July 15, 2019** why the Amended Petition should not be dismissed for (1) failure to exhaust state remedies, (2) failure to name a proper respondent, and (3) mootness. Petitioner must respond to this Order (a) pursuant to one or more of the options listed below; **and** (b) by filing a request to amend the Amended Petition to name Petitioner's "immediate custodian" as the respondent, and addressing whether Petitioner is currently incarcerated such that his petition may not be moot, as described above.

Petitioner may choose from the following options to explain why the Amended Petition should not be dismissed for failure to exhaust state remedies:

**Option 1 - Petitioner May Explain The Amended Petition Is Exhausted:** If Petitioner contends he has, in fact, exhausted his state court remedies on the grounds raised in his Petition, he should clearly explain this in a written response to this Order to Show Cause. Petitioner should attach to his response copies of any documents establishing that his claims are indeed exhausted.

**Option 2 - Petitioner May Request A Rhines Stay:** Under Rhines v. Weber, 544 U.S. 269, 161 L. Ed. 2d 440, 161 L. Ed. 2d 440 (2005), a district court has discretion to stay a petition to

---

[2] Gipson's First Petition listed an expected release date of "May 26, 2019." Dkt. 1 at 2.

allow a petitioner time to present his unexhausted claims to state courts. Id. at 276; Mena v. Long, No. 14-55102, (9th Cir. Feb. 17, 2016) (holding the Rhines stay-and-abeyance procedure applies to both mixed and fully unexhausted habeas petitions). This stay and abeyance procedure is called a "Rhines stay" and is available only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. Rhines, 544 U.S. at 277-78.

Petitioner may file a motion for a Rhines stay and support his request by showing: (1) there is "good cause" for the failure to exhaust; (2) the grounds raised are not "plainly meritless"; and (3) Petitioner did not intentionally engage in dilatory litigation tactics. See id. Petitioner should include any evidence supporting his request for a Rhines stay.

**Caution:** Petitioner is cautioned that if he requests a stay and the Court denies the request for a stay, or if Petitioner contends that he has in fact exhausted his state court remedies on all grounds and the Court disagrees, the Court will dismiss the Amended Petition for failure to exhaust state remedies. **Accordingly, Petitioner may select options in the alternative.**

ALTERNATIVELY, **Petitioner May Voluntarily Dismiss the Action Without Prejudice**: Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of the Court has attached a Notice of Dismissal form for Petitioner's convenience.** However, the Court warns Petitioner that if Petitioner should later attempt to again raise any dismissed claims in a subsequent habeas petition, those claims may be time-barred under the statute of limitations in Section 2244(d)(1). 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

**The Court warns Petitioner failure to timely file a response to this Order will result in the Court dismissing this action without prejudice for failure to exhaust, failure to name a proper respondent, failure to present a case or controversy that is not moot, and failure to prosecute and comply with court orders. See Fed. R. Civ. P. 41(b).**

The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.

The Court's May 2, 2019 Report and Recommendation is hereby VACATED.

**IT IS SO ORDERED.**